REQUESTED BY: Senator Arnie Stuthman
On March 7, 2006, you requested an opinion from the Attorney General's Office stating, "Are `original' documents required to satisfy the requirements of the Nebraska Brand Act, when it comes to the sale of cattle inside the inspection area? Would copies or facsimiles satisfy the requirements? Should the commission accept copies or facsimiles?" Please find our response below.
You have requested an opinion from this office regarding whether the original bill of sale must be provided pursuant to the requirements of Neb. Rev. Stat. § 54-1,111 of the Nebraska Brand Act and whether the Nebraska Brand Committee ("Brand Committee") should accept copies or facsimiles of the bill of sale in satisfaction of the requirements of Neb. Rev. Stat. §54-1,111. For the reasons set forth below, we conclude that the original bill of sale is not necessary and that the Brand Committee should accept a copy or facsimile of a properly executed bill of sale in satisfaction of Neb. Rev. Stat. §54-1,111, provided said copy or facsimile is sufficient to establish ownership to the brand inspector.
An Original Bill of Sale Is Not Required Pursuant to Neb. Rev. Stat. § 54-1,111.
In your request for an opinion, you raise the issue of whether an original bill of sale is required pursuant to Neb. Rev. Stat. § 54-1,111, which requires in relevant part,
 . . . [N]o person shall sell or trade any cattle located within the brand inspection area, nor shall any person buy or purchase any such cattle unless the cattle have been inspected for brands and ownership and a certificate of inspection or brand clearance has been issued by the Nebraska Brand Committee. Any person selling such cattle shall present to the brand inspector a properly executed bill of sale, brand clearance, or other satisfactory evidence of ownership which shall be filed with the original certificate of inspection in the records of the brand committee. . . .
(emphasis added)
The question being raised is whether the person selling the cattle must present the original bill of sale to the brand inspector in order to satisfy the requirements of Neb. Rev. Stat. § 54-1,111(1). A bill of sale is defined by Neb. Rev. Stat. §54-172 as,
 a formal instrument for the conveyance or transfer of title to livestock or other goods and chattels. The bill of sale shall state the buyer's name and address, the date of transfer, the guarantee of title, the number of livestock transferred, the sex of such livestock, the brand or brands, the location of the brand or brands or a statement to the effect that the animal is unbranded, and the name and address of the seller. The signature of the seller shall be attested by at least one witness or acknowledged by a notary public or by some other officer authorized by state law to take acknowledgements. A properly executed bill of sale means a bill of sale that is provided by the seller and received by the buyer.
(emphasis added)
From the language of the above-cited statutes, it is clear that the Livestock Brand Act does not require the original bill of sale to be filed pursuant to the requirements of Neb. Rev. Stat. § 54-1,111. Nothing in the language of the definition of bill of sale requires that the original bill of sale be used, nor does Neb. Rev. Stat. § 54-1,111 expressly require that the original bill of sale be provided.
The Nebraska Legislature, in adopting Neb. Rev. Stat. §54-1,111(1), only required that the original certificate of inspection be filed in the records of the Brand Committee. The Legislature's failure to expressly require that the original bill of sale also be filed in the records of the Brand Committee cannot be construed as a mere omission on the part of the Legislature because when the Legislature deemed the original document was necessary, as was the case with the certificate of inspection, they expressly provided so in the statute. For these reasons, it is apparent from a plain reading of Neb. Rev. Stat. §54-1,111 and the definition of a bill of sale, that the original bill of sale is not required to satisfy the requirements of Neb. Rev. Stat. § 54-1,111.
Your opinion request further inquires as to whether the Nebraska Brand Committee should accept copies or facsimiles of properly executed bills of sale in meeting the requirements of Neb. Rev. Stat. § 54-1,111. As the original bill of sale is not required by statute, as discussed at length above, and because the original bill of sale is generally not necessary to establish ownership of cattle, the Brand Committee should accept copies or facsimiles of the properly executed bill of sale, provided such copies or facsimiles were sufficient for the brand inspector to determine ownership of the cattle.
The brand inspector is charged with the duty to "attempt to establish correct and true ownership of . . . livestock". Neb. Rev. Stat. § 54-176. In furtherance of this duty, any person selling cattle is required to present to the brand inspector "a properly executed bill of sale, brand clearance, or other satisfactory evidence of ownership" in order to enable the brand inspector to establish ownership of the cattle. Neb. Rev. Stat. §54-1,111. Upon presentation of sufficient evidence of ownership, the brand inspector is required to issue a certificate of inspection, which serves as "documentary evidence of ownership on all livestock covered by such document." Neb. Rev. Stat. §54-179. The original certificate of inspection is then required to be filed with the evidence of ownership, in the records of the Brand Committee. Neb. Rev. Stat. § 54-1,111
The documentation required to be filed with the Brand Committee under Neb. Rev. Stat. § 54-1,111 is only that evidence which is needed by the brand inspector to establish ownership of the cattle. The statutory definition of satisfactory evidence of ownership, found at Neb. Rev. Stat. § 54-187, provides a wide array of documentation and identifying characteristics, which evidence which can be used to establish ownership, including physical descriptions and documentary evidence.
Ordinarily, the original bill of sale is not necessary to establish ownership of cattle and a copy or facsimile of the properly executed bill of sale is sufficient to satisfy the requirements of Neb. Rev. Stat. § 54-1,111. If, however, the ownership of cattle is brought into question, the brand inspector could certainly require that the original bill of sale, or any other evidence of ownership of the cattle, be produced, in order to ascertain the true owner of the cattle. In such an instance, all evidence necessary to establish ownership would need to be filed in the records of the Brand Committee in order to satisfy the requirements of Neb. Rev. Stat. § 54-1,111.
Clearly, nothing in the plain language of Neb. Rev. Stat. §§54-1,111 and 54-172 requires that the original bill of sale be provided for compliance with Neb. Rev. Stat. § 54-1,111. Only in those rare instances when the ownership of cattle is called into question and the original bill of sale is necessary to establish proof of ownership should the brand inspector require that the original bill of sale be produced and, even in those instances, a copy of the bill of sale may be filed in the Brand Committee records in order to satisfy the requirements of Neb. Rev. Stat. §54-1,111.
For the foregoing reasons, the plain language of Neb. Rev. Stat. §§ 54-1,111 and 54-172 make it clear that the original bill of sale is not necessary for compliance with Neb. Rev. Stat. §54-1,111 and the Brand Committee should accept a photocopy or other reproduction of the bill of sale if such documents were sufficient for the brand inspector to establish ownership of the cattle.
 Sincerely, JON BRUNING Attorney General
 Katherine J. Spohn Assistant Attorney General Agriculture, Environment 
Natural Resources Section
 Approved by: ___________________________ Attorney General